UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JESSE MURPHY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 3:06-CV-244 PS |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Jesse Murphy, a *pro se* prisoner, filed this habeas corpus petition challenging his 90-day loss of good time credit as a result of his being found guilty on January 10, 2006 by the Disciplinary Hearing Board (DHB) at the Indiana State Prison. Mr. Murphy was found guilty in ISP 06-01-0126 of being a Habitual Rule Violator.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is obligated to review the petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." *Id.* This rule provides the Court with a gatekeeping responsibility to sift through habeas petitions and dismiss those petitions which obviously lack merit. This is one of those cases.

Mr. Murphy argues that the DHB violated the Adult Disciplinary Policy Handbook when his hearing was not held within "seven working days from the date of the finding of guilt on the case that triggered the habitual rule violator . . .." (Pet. at ¶ 12.A [DE 1 at 3-4].) He argues that, by holding the hearing one day late, the DHB violated his due process rights. Habeas corpus relief is only available for the violation of a federal right. 28 U.S.C. § 2254(a). Although *Wolff v. McDonnell*, 418 U.S. 539 (1974) requires advance notice of sufficient facts to inform the

accused of the behavior with which he is charged, it does not require that a hearing be held within seven working days of the offense.  This Court cannot grant habeas corpus relief based on the violation of a prison rule.  Therefore, in this proceeding, it is not relevant whether such a rule was violated.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).  That is to say, even if the DHB violated its own procedures when it held his hearing one day late, doing so did not deprive Mr. Murphy of due process.

For the foregoing reasons, the habeas corpus petition is **DISMISSED**.

**SO ORDERED.**

ENTERED: November 30, 2006

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT